**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 05 2014, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY S. BURKE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.52A02-1402-CR-64 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Timothy P. Spahr, Judge
Cause No. 52C01-0610-FC-197

**September 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Jeffrey S. Burke appeals following the revocation of his probation, raising the following restated issue for our review: Did the trial court's imposition of Burke's previously suspended sentence, based in part on his failure to pay court costs and probation-user fees, without awarding a credit toward the accrued costs and fees violate double jeopardy principles?

We affirm.

In 2007, Burke pleaded guilty to forgery as a class C felony. He was sentenced to four years, given credit for time served, and the remaining balance of three years and 299 days was suspended to probation. The State filed its first petition to modify or revoke Burke's probation in December 2010, but Burke failed to appear at the hearing on the petition. A warrant was issued for Burke's arrest at that time, but the warrant was not served until October 2013. In the interim, the State had filed two amended petitions to revoke Burke's probation, and it filed one more amended petition after the warrant was served. The petitions alleged, in pertinent part, that Burke had violated his probation by committing multiple new offenses and failing to pay probation-user fees and court costs.

At a hearing on December 19, 2013, Burke admitted to violating his probation by committing the new offense of obtaining a controlled substance by fraud or deceit and by failing to pay probation-user fees and court costs. On January 16, 2014, the trial court revoked Burke's probation and ordered him to serve the entirety of his previously suspended sentence. Additionally, the trial court ordered that Burke's outstanding court costs and probation-user fees, totaling $2,064, be reduced to a judgment against Burke in favor of the State. Burke now appeals.

2

Burke makes no argument that the trial court abused its discretion by revoking his probation or ordering him to serve the entirety of his previously suspended sentence. Burke's sole argument on appeal is that "[i]mposition of the suspended sentence *and* payment of costs and fees violates principles of double jeopardy." *Appellant's Brief* at 8 (emphasis in original). The double jeopardy clauses of both the federal and state constitutions prohibit multiple punishments for the same offense. *Wilcox v. State*, 748 N.E.2d 906 (Ind. Ct. App. 2001), *trans. denied*. Burke argues that by being required to serve the remainder of his suspended sentence *and* pay his already-accrued court costs and probation-user fees, he is being twice punished for a single probation violation, i.e., his failure to pay costs and fees.

Burke's argument is without merit. As this court has explained:

> [A] violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis. Revocation proceedings are based upon violations of probation conditions rather than upon the commission of a crime, and the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt. Moreover, because double jeopardy protection applies only to criminal proceedings and probation revocation proceedings are not criminal proceedings, violations must be proven only by a preponderance of the evidence.

*McQueen v. State*, 862 N.E.2d 1237, 1243 (Ind. Ct. App. 2007) (citations omitted). Moreover, the court costs and probation-user fees had already accrued prior to the revocation of Burke's probation. Accordingly, the requirement that he pay these costs

and fees was clearly not a punishment for Burke's probation violation.  Thus, principles of double jeopardy are not implicated here.[1]

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.

---

[1] Burke quotes *Bearden v. Georgia*, 461 U.S. 660 (1983), at length, noting that the U.S. Supreme Court held that when probation is revoked for failure to pay fines or restitution, the court must inquire into the reasons for nonpayment, and where the probationer is unable to pay, consider alternative means of punishment other than imprisonment.  Burke has made no argument that he was unable to pay the outstanding costs and fees—indeed, he testified that he had "more than enough money to pay" them. *Transcript* at 30.  Moreover, *Bearden v. Georgia* did not address issues of double jeopardy in any way. We are therefore at a loss as to the relevance of the quoted language to Burke's appeal.